UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00617-W

| | |
|---|---|
| MARY B. RUDOLPH, RUDOLPH-RAAD, INC., and FAMILY FORUM, INC., <br><br>Plaintiffs, <br><br>vs. <br><br>BEACON INDEPENDENT LIVING LLC, FRANK MCCOLLUM, BRUCE L. BLEIMAN, ANTOINE LASSITER, ED BOWERS, in his capacity as Receiver for Charlottetown Manor, Inc., WIND N SEA HOLDINGS, LLC, and WESLEY L. DEATON and ROBERT BURRIS, Substitutes Trustees of that Deed of Trust executed by Rudolph-Raad, Inc., dated the 28th day of June, 2002, and recorded July 1, 2002, in Book 13761, Page 926 of the Mecklenburg County Public Registry and re-recorded on January 17, 2003, in Book 14708, Page 79 of the Mecklenburg County Registry, <br><br>Defendants. | ORDER |

THIS MATTER is before the Court upon Plaintiffs' Motion for a Preliminary Injunction (Doc. No. 22). The parties have fully briefed this motion. The Court conducted a hearing on Thursday, January 20, 2012, and Friday, January 21, 2012, whereby the Court received additional evidence through live testimony and presentation of exhibits, and also heard the arguments of the parties. Following the hearing, the Court issued an oral ruling GRANTING IN PART and DENYING IN PART Plaintiffs' Motion. This Order follows to supplement that ruling.

**FINDINGS OF FACT**

1. Defendant Bleiman, through Defendant Beacon Independent Living, LLC, operates a facility that cares for veterans and people with disabilities ("Facility") on property that Plaintiff Rudolph-Raad, Inc., currently owns.

2. Plaintiff Rudolph-Raad has leased that property to Defendant Charlottetown Manor, Inc., a company which is currently in receivership.

3. The uncontradicted evidence showed that no Defendant has paid rent to Plaintiff Rudolph-Raad since the filing of this action.

4. Plaintiff Family Forum, Inc., is a nonprofit entity.

5. Plaintiffs contend that Defendants Bleiman, Lassiter, and McCollum have conducted business and made decisions on behalf of Plaintiffs Rudolph-Raad and Family Forum, Inc., pursuant to three powers of attorney that Plaintiff Mary Rudolph contends are altered, forged, and fraudulent.

6. Plaintiffs presented compelling evidence at the hearing, including expert testimony, that raised serious questions as to the authenticity of those three powers of attorney, although the Court declines at this time to find that one or more of the three powers of attorney are in fact altered, forged, and fraudulent.

7. Evidence indicated that prior to Defendants' operation of the Facility, the North Carolina Department of Health and Human Services and the Veterans Administration had concerns with management of the Facility. Defendants Beacon, Bleiman, Lassiter, and McCollum worked to remedy the issues raised by the North Carolina Department of Health and Human Services and the Veterans Administration.

8. Plaintiffs did not present any evidence that either the North Carolina Department of Health and Human Services or the Veterans Administration have recently found less than satisfactory conditions at the Facility.

9. Based on evidence presented at the hearing, it appears that Defendant Beacon Independent Living, LLC, which is operated by Defendant Bleiman, may become insolvent during the pendency of this litigation.

10. The property currently owned by Plaintiff Rudolph-Raad is in the process of being foreclosed upon, although it is unclear as to what date certain those foreclosure proceedings will become final.

11. Defendant McCollum stated he has neither been on the premises of the Facility nor made any decisions for or on behalf of Plaintiffs Rudolph-Raad and Family Forum since August 2011. He stated he does not intend to have any more involvement with the Facility or Plaintiffs.

12. The monthly payment for the first mortgage is approximately $8,000.

## Conclusions of Law

1. Under precedent from the Supreme Court and the Fourth Circuit Court of Appeals, in order to qualify for injunctive relief, a plaintiff must show: (1) likelihood he will succeed on the merits; (2) likelihood he will suffer irreparable harm in the absence of a preliminary injunction; (3) that the balance of equities tips in his favor; and (4) that the injunction is in the public interest. Winter v. NRDC, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008); Real Truth About Obama v. FEC, 575 F.3d 342, 346 (4th Cir.2009), vacated on other grounds, 558 U.S. ——, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010).

2. Plaintiffs have sufficiently shown to this Court's satisfaction for purposes of an injunction that they are likely to succeed on the merits of proving that the powers of attorney at issue are altered, forged, or fraudulent.

3. Irreparable harm exists here because of Defendant Beacon's continued occupancy of the Facility without paying any rents, particularly in light of the threat of insolvency by one or more Defendants.

4. Plaintiffs have failed to show irreparable harm as it relates to control of Rudolph-Raad and the nonprofit Family Forum.

5. The balance of the equities tips in Plaintiffs' favor to receive compensation for their loss of use of the property.

6. It is not in the public interest to disrupt the management of the Facility under these facts, particularly where occupants are veterans and persons with disabilities.

7. As to that portion of Plaintiffs' Motion requesting an order that Defendants to cease and desist operation of the Facility, the Court grants in part and denies in part that request. In lieu of ordering Defendants to vacate the Facility, Plaintiffs and/or the ultimate owners of the property are entitled to compensation in the amount of $8,000 for Defendant Beacon's occupancy and operation of the Facility. Defendant Bleiman is sufficiently in charge of Defendant Beacon such that he shall be jointly and severally responsible for providing this rent for use of the Facility. Such rent shall be paid into an escrow account on Wednesday, January 25, 2012, and the same amount in rent shall be deposited with the escrow account on the 25th day of each month thereafter.

8. This injunction is narrowly tailored to minimize the irreparable harm to Plaintiffs, while preserving the status quo of the provision of assisted-living services to the residents of the Facility. This status quo–under these facts–is in the public interest.

9. As stated in its ruling in open Court, the Court denies in part Plaintiffs' Motion to the extent it requests this Court to enjoin Defendants from acting on behalf of Rudolph-Raad or Family Forum and denies that portion of the Motion seeking company records.

10. These findings of fact and conclusions of law do not bind this Court at the summary judgment stage or at trial on the merits. Blake v. Baltimore County, 662 F.Supp.2d 417, 421 (D.Md. 2009) (citing University of Texas v. Camenisch, 451 U.S. 390, 395 (1981); AttorneyFirst, LLC v. Ascension Entm't, Inc., 144 Fed.Appx. 283, 287-88 (4th Cir. 2005)).

IT IS THEREFORE ORDERED that Plaintiffs' Motion for a Preliminary Injunction is GRANTED IN PART and DENIED IN PART. This matter shall be placed on the Court's fast track for scheduling purposes, and a case management order will follow.

IT IS SO ORDERED.

Signed: January 23, 2012

Frank D. Whitney
United States District Judge