UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00617-W

| | |
|---|---|
| MARY B. RUDOLPH, RUDOLPH-RAAD, INC., and FAMILY FORUM, INC., <br><br>  Plaintiffs, <br><br> vs. <br><br> BEACON INDEPENDENT LIVING LLC, FRANK MCCOLLUM, BRUCE L. BLEIMAN, ANTOINE LASSITER, ED BOWERS, in his capacity as Receiver for Charlottetown Manor, Inc., WIND N SEA HOLDINGS, LLC, and WESLEY L. DEATON and ROBERT BURRIS, Substitutes Trustees of that Deed of Trust executed by Rudolph-Raad, Inc., dated the 28th day of June, 2002, and recorded July 1, 2002, in Book 13761, Page 926 of the Mecklenburg County Public Registry and re-recorded on January 17, 2003, in Book 14708, Page 79 of the Mecklenburg County Registry, <br><br> Defendants. | ORDER <br> and <br> ORDER TO SHOW CAUSE |

THIS MATTER is before the Court upon Plaintiffs' Second Motion for a Preliminary Injunction (Doc. No. 63) and Plaintiffs' Motion for a Temporary Restraining Order (Doc. No. 72). In both motions, Plaintiffs request the Court to order Defendants Beacon Independent Living, LLC, Bruce Bleinman, and Antoine Lassiter (collectively, "Beacon Defendants") to cease and desist from managing the Facility and order that the Beacon Defendants and their personnel vacate the Facility. In addition, Plaintiffs' Motion for a Temporary Restraining Order also requests the Court order Defendant Beacon not distribute any funds without court approval for next fourteen days. Defendants have not yet responded to either motion, and the time for doing so has not expired.

Nevertheless, the Court finds Plaintiffs' pleadings sufficient to issue a ruling on both motions, and for the reasons that follow, the Court DENIES both motions.

At the outset, the Court notes the high standard required to issue an injunction. As the Supreme Court recently noted, "An injunction is an exercise of a court's equitable authority, to be ordered only after taking into account all of the circumstances that bear on the need for prospective relief. Equitable relief is not granted as a matter of course, and *a court should be particularly cautious when contemplating relief that implicates public interests*." Salazar v. Buono, __ U.S. __, 130 S.Ct. 1803, 1816 (2010) (multiple citations omitted) (emphasis added). Additionally, "In a suit for an injunction against trespass to real property the court may determine the legal right of the plaintiff to the possession of that property." Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 516 (1959) (citations omitted).

The Court has already ruled on a previous motion for a preliminary injunction that Plaintiff Rudolph-Raad, Inc., owns the property where Defendants currently operate the Facility. (Doc. No. 45, p. 2). Plaintiffs' ownership is encumbered by two mortgages on the property. The Court further noted two important things that bear repeating here. First, the Court acknowledged that no evidence indicated that any licensing or regulating agency had recently found less than satisfactory conditions at the Facility. (Doc. No. 45, p. 3). The Court also concluded, "It is not in the public interest to disrupt the management of the Facility under these facts, particularly where occupants are veterans and persons with disabilities." (Doc. No. 45, p. 4). Keeping the public interest in mind, as the case law requires, the Court declined in the earlier order to require Defendants to cease and desist operation of the Facility. Plaintiffs now renew their request to remove Defendants from the property and present additional evidence supporting their motion.

The Court has reviewed the allegations in the pleadings, as well as the evidence and affidavits submitted in support of Plaintiffs' motions. The gravamen of Plaintiffs' Second Motion for a Preliminary Injunction is that the Beacon Defendants are "ill-equipped to manage the Facility" and are "endangering the lives of the Facility's residents." (Doc. No. 64, p. 7). The Motion for a Temporary Restraining Order relies on the Beacon Defendants' conduct of allowing an insurance policy on the property to lapse, as well as Beacon Defendants' failure to comply with Court orders requiring them to deposit $8,000 into an escrow account on the 25th of each month.

Although the allegations are troubling, the Court is not convinced that such accusations rise to the level warranting injunctive relief at this point. Most problematic for Plaintiffs is the fact that much of the allegations involve speculation and *possible* outcomes without concrete evidence to support such statements. While the evidence could plausibly suggest past misconduct on part of the Beacon Defendants, neither the depositions nor affidavits contain personal knowledge sufficient to forecast gross misconduct by the Beacon Defendants.

As to the insurance policy issue, although it could prove detrimental for the Facility to be uninsured, it is not within the province of this Court to instruct Defendants how to conduct their business and where to assume (or not assume) risks. See generally Lubrizol Enterprises, Inc. v. Richmond Metal Finshers, Inc., 756 F.2d 1043, 1047 (4th Cir. 1985) ("As generally formulated and applied in corporate litigation the rule is that courts should defer to-should not interfere with-decisions of corporate directors upon matters entrusted to their business judgment except upon a finding of bad faith or gross abuse of their 'business discretion.'") (citations omitted). While evidence as it unfolds in discovery may prove otherwise, Plaintiffs allegations at this stage, many of which are speculative, do no support a finding of bad faith or gross abuse of the Beacon Defendants' business judgment at this stage.

Additionally, it appears that Plaintiffs, and possibly Rudolph Wood Holding Company, have an ownership interest in the property. Plaintiffs have not shown that they cannot procure insurance on the property absent injunctive relief. See U.S. Fidelity & Guaranty Co. v. Reagan, 122 S.E.2d 774, 780 (N.C. 1961) ("It is a fixed rule of insurance law that an insurable interest on the part of the person taking out the policy is essential to the validity and enforceability of the insurance contract, whatever the subject matter of the policy, and that if no insurable interest exists, the contract is void.").

In denying the preliminary injunction and temporary restraining order, the Court notes that its ruling should have no impact on Plaintiffs' ability to report to the agencies monitoring the Beacon Defendants and their operation of the Facility. See generally Hampton University v. Accred. Council for Pharm. Edu, 611 F. Supp. 2d 557, 570 (ED. Va. 2009) (noting that "Courts in many Circuits, including within the Fourth Circuit, have repeatedly emphasized in no uncertain terms the great deference that should be afforded to accrediting organizations with respect to their substantive standards and professional judgment.") (citations omitted). Indeed, in the event Plaintiffs choose to raise their concerns with the licensing or regulatory agencies, the Court wants to make clear that by denying Plaintiffs' motion, the Court is in not condoning the allegations of Defendants' conduct so as to prejudice any independent investigation by the licensing or regulatory bodies. The Court, in its discretion, simply finds that the legal standards for a preliminary injunction and restraining order are not satisfied here.

Finally, the Court is troubled by the fact the Beacon Defendants have failed to comply with the Court's order to deposit $8,000 on the 25th of each month. Although the time for responding to Plaintiff's motion for a temporary restraining order has not expired, counsel for Defendants Beacon Independent Living and Bruce Bleiman emailed the Court implying that such payment had not been

made but would be made immediately to counsel's trust account.[1] In an abundance of caution and in light of Defendants' acknowledgment that it had not complied with the Court's prior order, the Court hereby ORDERS Defendants Beacon Independent Living and Bleiman to **SHOW CAUSE as to: (1) why such payment was not timely made; and (2) why Defendants should not be held in contempt of court for their failure to comply with the Court's order**. Such response to this Order to Show Cause shall be filed with the Court **no later than Tuesday, April 10, 2012**. The response should include documentation to establish that such payment has been made. Moreover, Defendant Bleiman is hereby CAUTIONED that further failures to comply with the Court's order could result in a finding of contempt, which may include, among other things, fine and imprisonment.

IT IS THEREFORE ORDERED that Plaintiffs' Second Motion for a Preliminary Injunction (Doc. No. 63) is DENIED and Plaintiffs' Motion for a Temporary Restraining Order (Doc. No. 72) is DENIED. The Beacon Defendants shall comply with the Show Cause order contained herein no later than Tuesday, April 10, 2012.

IT IS SO ORDERED.

Signed: April 5, 2012

Frank D. Whitney
United States District Judge

---

[1] In addition, new counsel for the Beacon Defendants shall obtain a waiver of conflict similar (if not identical) to the one procured by former counsel for Beacon Defendants. As prior counsel contemplated in emails to the Court and in light of the recent allegations of non-payment, **new counsel shall be required to immediately report to the Court on the 26th of each month if the $8,000 is not timely tendered by Defendants Beacon and Bleiman.** The waiver of conflict shall be attached to the response to this Show Cause Order.