IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:11-CV-617-FDW-DSC

MARY B. RUDOLPH, et al.,

    Plaintiffs,

v.

BEACON INDEPENDENT LIVING LLC, et al.,

    Defendants.

**ORDER**

    **THIS MATTER** is before the Court following a telephonic discovery conference and an in camera review of Plaintiffs' email privilege log and copies of emails identified therein. These emails are communications between Plaintiffs' counsel and Frank McCollum, who was a party in this litigation until March 29, 2012 when Plaintiffs dismissed him from the case.

    In response to a subpoena duces tecum served upon McCollum by Defendant Beacon Independent Living, LLC, Plaintiffs assert that each email and any attachments are subject to the work product privilege.

    Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

    The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947).

Resolution of discovery disputes is generally left within the district court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same). However, where work product doctrine is raised in objection to a discovery request, the Fourth Circuit has stated that "[w]e review the district court's decision that certain documents are subject to privilege de novo, since it involves a mixed question of law and fact." Chaudhry v. Gallerizzo, 174 F.3d 394, 402 (4th Cir.), cert. denied, 528 U.S. 891 (1999). Accord In re Grand Jury Proceedings, 33 F.3d 342, 353 (4th Cir. 1994); and Cincinnati Insurance Co. v. Zurich Insurance. Co., 198 F.R.D. 81, 84 (W.D.N.C. 2000).

> Concerning the work product doctrine, Fed. R. Civ. P. 26(b)(3), provides:
>
> Trial Preparation: Materials ... [A] party may obtain discovery of documents and tangible things otherwise discoverable ... and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.
>
> As the Fourth Circuit described the work product doctrine:
>
>> Under the work product rule, codified in Fed. R. Civ. P. 26(b)(3), an attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in preparation of the case or opinions he has formed about any phase of the litigation .... Fact work product is discoverable only upon a showing of both a substantial need and an inability to secure the substantial equivalent of the

2

> materials by alternate means without undue hardship. <u>Opinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.</u> .... [a]n attorney's thoughts are inviolate, ... and courts should proceed cautiously when requested to adopt a rule that would have an inhibitive effect on an attorney's freedom to express and record his mental impressions and opinions without fear of having these impressions and opinions used against the client. <u>As a result, opinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances.</u>

Chaudhry, 174 F.3d at 403 (internal citations omitted) (emphasis added). Accord United States v. Nobles, 422 U.S. 225, 238 (1975) ("the work-product privilege is ... designed to balance the needs of the adversary system: promotion of an attorney's preparation in representing a client versus society's general interest in revealing all true and material facts to the resolution of a dispute"); Grand Jury, 33 F.3d at 348; In re Doe, 662 F.2d 1073, 1077-80 (4th Cir. 1981); and Cincinnati, 198 F.R.D. at 84.

The work-product privilege is intended to prevent a litigant from taking a free ride on the research and thinking of his opponent's lawyer and to avoid the resulting deterrent to a lawyer's committing his thoughts to paper. See, e.g., Nobles, 422 U.S. at 236-39; and Taylor, 329 U.S. at 510-11.

To qualify for protection under the work product doctrine, a lawyer must create the document in anticipation of litigation, that is, "<u>because</u> of the prospect of litigation." National Union Fire Ins. v. Murray Sheet Metal, 967 F.2d 980, 984 (4th Cir. 1992) ("materials prepared in the ordinary course of business ... or for other non-litigation purposes" are not protected). Accord In re Grand Jury Proceedings, 102 F.3d 748, 752 (4th Cir. 1996) (internal report documenting bank's investigation of whether it had committed a crime, which was prepared by non-lawyer bank employee, not subject to work product doctrine).

3

Applying these legal principles to the facts in this case, the Court concludes that documents ## 1, 2, 3 and 4, as enumerated in the privilege log, are not subject to privilege. These are emails between Plaintiffs' counsel and McCollum when he was an adverse party.

The Court finds that the remaining documents produced for in camera review are within the scope of the work product privilege. Opinion work product, which the Court construes in this instance as any portion of an email or other document authored by Plaintiffs' counsel or employees of their law firm, is privileged. Chaudhry, 174 F.3d at 403. To the extent that the production ordered below involves production of any opinion work product, Plaintiffs may redact that material.

As to fact work product, that is, communications authored or created by McCollum, the Court finds that Defendant Beacon has made the required showing of both a substantial need for and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship. Id. Accordingly, Plaintiffs objection to production of this material is overruled.

**IT IS HEREBY ORDERED** that:

1. Documents ##1, 2, 3 and 4 shall be produced in their entirety in response to Defendant's subpoena.

2. Documents ##5 through 23 shall be produced in response to Defendant's subpoena subject to Plaintiffs' right to redact all opinion work product of their counsel.

3. The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO ORDERED.**                     Signed: June 7, 2012

_David S. Cayer_
David S. Cayer
United States Magistrate Judge