IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:11-CV-617-FDW-DSC

| | |
|---|---|
| MARY B. RUDOLPH, et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| BEACON INDEPENDENT LIVING, LLC, et. al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**THIS MATTER** is before the Court on "Plaintiffs' Motion to Compel and for Sanctions for Spoliation of Evidence" (document #119), and the parties' associated briefs and exhibits. See documents ##119-1 through 119-4, 120, 122 and 123).

This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636, and is now ripe for the Court's consideration.

On June 26, 2012, Defendant Bleiman met with non-party witness Joseph M. Meldrich whom Plaintiffs had served with a subpoena duces tecum. Meldrich's deposition was scheduled for June 27, 2012. Plaintiff alleges and Defendant Bleiman does not dispute that Bleiman instructed Meldrich to delete between twenty and forty emails that Meldrich stored on his computer. Meldrich complied.

At his deposition the next day, Meldrich admitted to deleting the emails and further testified that all of them were responsive to the subpoena.

On June 28, 2012, Plaintiffs filed the subject Motion requesting that the Court:

1. Order that Meldrich and Bleiman not delete, alter, amend, or in any way modify

any email, documents, program, or system in any of their computers until further order of the Court.

2. Order Meldrich to submit his computer for a forensic examination, utilizing an forensic examiner of Plaintiffs' choice. The scope of the examination shall be to recover any and all emails deleted from the Beacon subfolder on June 26, 2012, and to gather electronic, native format versions of all records produced by Meldrich in response to the subpoena duces tecum, which files were produced as fixed images; and

3. Order Bleiman to produce a list of all computers he has used from April 2011 to the present and to submit all such computers for a forensic examination, utilizing an forensic examiner of Plaintiffs' choice. The scope of the examination shall be to recover any and all deleted emails related to the facility, and to gather electronic, native format versions of all records produced by Bleiman in response to the subpoena duces tecum and notice of deposition issued to him in this action;

4. Order Bleiman to pay the cost of the forensic examinations;

5. Further sanction Bleiman by striking Defendants' counterclaim against Mary Rudolph and Defendants' Third-Party Claim against Robert O. Rudolph; and

6. Further sanction Bleiman by awarding Plaintiffs their attorneys' fees incurred in preparing this Motion and the related brief and those fees incurred in responding to Bleiman's request to move his deposition from June 28, 2012.

7. Enter an order shortening the time for Defendants to respond to this Motion as the discovery deadline is currently July 2, 2012 and the deadline for dispositive motions is July 8, 2012.

8. Consider this Motion and its exhibits for purposes of Plaintiffs' Motion for Contempt (for witness tampering); and

9. For such other relief as this Court deems just and proper.

In his response brief, Defendant Bleiman asserts that all deleted data was recovered on June 27, 2012 and that it will be produced to Plaintiffs. Defendant concedes that he should bear the cost of "recovering the data from Joseph Meldrich." Document #122 at 4.

On June 28, 2012, Defendant Bleiman appeared for his deposition.

After carefully considering the record, the applicable authority and the parties' arguments, the Court will <u>grant in part</u> Plaintiffs' Motion. For the reasons stated in Section I of Plaintiffs' Reply (document #123), the Court will <u>grant</u> Plaintiffs the relief they seek in items 1, 2, 3, and 4

stated above.[1]  The Court will also order Defendant Bleiman to pay Plaintiffs' attorneys' fees incurred in preparing this Motion and the related briefs.

**NOW THEREFORE, IT IS ORDERED**:

1.  "Plaintiffs' Motion to Compel and for Sanctions for Spoliation of Evidence" (document #119) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.  The Court **ORDERS** Joseph M. Meldrich and Defendant Bleiman not to delete, alter, amend, or in any way modify any email, documents, program, or system in any computer they have access to until further order of the Court.

    b.  The Court **ORDERS** Joseph M. Meldrich to submit his computer for a forensic examination utilizing an forensic examiner of Plaintiffs' choice. The scope of the examination shall be to recover any and all emails deleted from the Beacon subfolder on June 26, 2012, and to gather electronic, native format versions of all records produced by Meldrich in response to the subpoena duces tecum, which files were produced as fixed images; and

    c.  The Court **ORDERS** Defendant Bleiman to produce a list of all computers he has used from April 2011 to the present and to submit all such computers for a forensic examination ,utilizing an forensic examiner of Plaintiffs' choice. The scope of the examination shall be to recover any and all deleted emails related to the facility, and to gather electronic, native format versions of all records produced by Defendant Bleiman in response to the subpoena duces tecum and notice of deposition issued to him in this action;

    d.  The Court **ORDERS** Defendant Bleiman to pay the cost of the forensic examinations ordered above.

---

[1] The Court previously granted the relief sought in item 7 by shortening the time for Defendant to respond to this Motion.  The matter raised in item 8 is left to Judge Whitney's discretion.

e. The Court **ORDERS** Defendant Bleiman to pay Plaintiffs their reasonable attorneys' fees incurred in preparing this Motion and the related briefs. Plaintiffs' counsel shall promptly submit to the Court a detailed statement of the attorneys' fees they have incurred in preparing this Motion and the related briefs. After reviewing that statement, the Court will **AWARD** Plaintiffs their reasonable attorneys' fees.

2. In all other respects, "Plaintiffs' Motion to Compel and for Sanctions for Spoliation of Evidence" (document #119) is **DENIED WITHOUT PREJUDICE** to Plaintiffs' right to renew their Motion should Defendant fail to comply with this Memorandum and Order.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO ORDERED**.  Signed: July 10, 2012

David S. Cayer
United States Magistrate Judge